■ DESIRIE CAMACHO et al., Appellants-Respondents, v EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents, CHESTNUT RIDGE TRANSPORTATION, INC., et al., Respondents-Appellants, et al., Defendant. [690 NYS2d 730] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 8, 1998, as granted the cross motion of the defendant East Ramapo Central School District for summary judgment dismissing the complaint insofar as asserted against it and granted those branches of the cross motion of the defendants Dominick Esposito, Cynthia Esposito, and Jason Esposito which were for summary judgment dismissing the complaint insofar as asserted against Dominick Esposito and Cynthia Esposito, and the defendants Chestnut Ridge Transportation, Inc., and Daniel Pearlstein cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof granting the cross motion of the defendant East Ramapo Central School District for summary judgment, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs payable by the defendant East Ramapo Central School District.

The infant plaintiff was sexually assaulted by the infant defendant while being transported home on a school bus owned and operated by the defendant Chestnut Ridge Transportation, Inc. (hereinafter Chestnut Ridge), and driven by the defendant Daniel Pearlstein. The defendant East Ramapo Central School District (hereinafter the School District) contracted with Chestnut Ridge to provide transportation to and from school for the students.

The School District's cross motion for summary judgment should have been denied, as it retained control and custody over the infant plaintiff (see, Pratt v Robinson, 39 NY2d 554), but failed to meet its burden of making a prima facie showing that it had no notice of the infant defendant's alleged proclivity to engage in sexual misconduct.

Similarly, an issue of fact remains as to whether the defendants Chestnut Ridge and Daniel Pearlstein had notice of the infant defendant's alleged proclivity to engage in sexual misconduct, and thus whether that misconduct was foreseeable. The motion of the defendants Chestnut Ridge and Daniel Pearlstein for summary judgment was therefor properly denied (see, CPLR 3212 [b]).

Dominick and Cynthia Esposito were properly granted summary judgment, as there was no showing that they had notice of their son's proclivity to engage in sexual misconduct (*see, Armour v England*, 210 AD2d 561). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.