Anonymous v Castagnola (2022 NY Slip Op 06682)

Anonymous v Castagnola

2022 NY Slip Op 06682

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-06810

[*1]Anonymous, respondent, 
v
Joseph Castagnola, et al., appellants, et al., defendant. (Putnam County Index No. 501773/20)

McGivney Kluger Clark & Intoccia, P.C., New York, NY (Gary J. Intoccia and Trish L. Wilson of counsel), for appellants.
Meagher & Meagher, P.C., White Plains, NY (Christina M. Killerlane and Christopher Meagher of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendants Joseph Castagnola, Danielle Trippodo-Sullivan, Matthew Kraisky, Stephen Jambor, Valerie Henning-Piedmonte, Henrietta Lodge, Brewster Central School District, Brewster High School, and Brewster Central School District Board of Education appeal from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated September 13, 2021. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2020, the plaintiff commenced this action pursuant to the Child Victims Act (hereinafter the CVA) (see CPLR 214-g) against the defendants Joseph Castagnola, Danielle Trippodo-Sullivan, Matthew Kraisky, Stephen Jambor, Valerie Henning-Piedmonte, Henrietta Lodge, Brewster Central School District, Brewster High School, and Brewster Central School District Board of Education (hereinafter collectively the school defendants), and the defendant John Doe, asserting causes of action to recover damages resulting from alleged acts of sexual assault committed against the plaintiff beginning when she was 14 years old while attending Brewster High School. The acts of sexual assault were alleged to have been committed by Doe, a fellow student in the same grade as the plaintiff. The amended complaint alleged, in the first cause of action, negligence and gross negligence against the school defendants in failing to protect the plaintiff from the alleged acts of sexual assault, and, in the third cause of action, negligent hiring, retention, and supervision against the school defendants. The school defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, arguing, inter alia, that CPLR 214-g could not be used to revive the causes of action against them because Doe was an infant pursuant to Penal Law § 30.00 at the time the alleged acts of sexual abuse occurred and, therefore, could not have been held criminally liable for his conduct. In an order dated September 13, 2021, the Supreme Court, among other things, denied those branches of the school defendants' motion which were to dismiss the first and third causes of action. The school defendants appeal.
CPLR 214-g, enacted as part of the CVA, provides a revival window for civil claims [*2]or causes of action alleging intentional or negligent acts or omissions that seek to recover damages for injuries suffered as a result of "conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law" (CPLR 214-g; see S.H. v Diocese of Brooklyn, 205 AD3d 180, 184). CPLR 214-g further provides that the affirmative defenses set forth in Penal Law §§ 130.30(1) and 130.45(1) based on the age of the defendant in relation to the victim shall apply in any such claim or action commenced pursuant to the statute, "in addition to any other defense and affirmative defense that may be available in accordance with law."
On this appeal, we are presented with an issue of first impression as to whether CPLR 214-g may be used to revive civil claims and causes of action asserted against a school district that are based on alleged acts of sexual assault committed by a minor who could not have been subjected to criminal liability at the time the alleged acts of sexual assault occurred. Resolution of this issue requires the Court to determine the meaning of the phrase "conduct which would constitute a sexual offense as defined in [Penal Law article 130]" as used in CPLR 214-g, and in particular, whether that phrase is limited to conduct that would subject the person who committed the acts of sexual assault to criminal liability. For the reasons that follow, we conclude that CPLR 214-g permits revival of the first and third causes of action against the school defendants.
The interpretation of the statutory language of CPLR 214-g presents a question of law for this Court to resolve de novo (see S.H. v Diocese of Brooklyn, 205 AD3d at 185). "'[S]pecial laws,' such as CPLR 214-g, 'that revive causes of action are extreme example[s] of legislative power and are narrowly construed'" (id. at 188, quoting In re Agent Orange Prod. Liab. Litig., 597 F Supp 740, 815 [ED NY], affd 818 F2d 145 [2d Cir] [internal quotation marks omitted]; see Hopkins v Lincoln Trust Co., 233 NY 213). "'The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature'" (People v Galindo, 38 NY3d 199, 203, quoting Riley v County of Broome, 95 NY2d 455, 463 [internal quotation marks omitted]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; see Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660). "In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add or take away from that meaning" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583 [internal quotation marks omitted]). "[C]ourts are not to legislate under the guise of interpretation" (People v Finnegan, 85 NY2d 53, 58). "If the wording of [a] statute has caused an unintended consequence, it is up to the legislature to correct it" (People v Golo, 26 NY3d 358, 362).
Here, we find that the plain meaning of the phrase "conduct which would constitute a sexual offense as defined in [Penal Law article 130]" as used in CPLR 214-g refers to the conduct described in the enumerated provisions of the Penal Law, and is not limited to those situations in which the conduct would subject the actor to criminal liability (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208-209; S.H. v Diocese of Brooklyn, 205 AD3d at 187). To read the statute as limited to only that conduct for which the actor could be subject to criminal liability, we would have to interpret the language "constitute a sexual offense" to mean "establish a violation," which would require the Court to "'legislat[e] under the guise of interpretation'" (People v Gross, 169 AD3d 159, 176, quoting People v Finnegan, 85 NY2d at 58).
The school defendants argue that the inclusion in CPLR 214-g of the affirmative defenses to criminal liability set forth in Penal Law §§ 130.30(1) and 130.45(1) based on the age of the defendant in relation to the victim demonstrates that the Legislature intended for the phrase "conduct which would constitute a sexual offense" to presuppose that criminal liability may be imposed for the conduct. This argument is unpersuasive. If the Legislature so intended, its inclusion [*3]of the affirmative defenses to criminal liability set forth Penal Law §§ 130.30(1) and 130.45(1) as a defense to this action would be superfluous (see Matter of Mestecky v City of New York, 30 NY3d 239, 243).
Moreover, to the extent that the defense of infancy provided for by Penal Law § 30.00 may properly be used by Doe as a defense to this action pursuant to CPLR 214-g, this defense would be available for the benefit of Doe and not for the school defendants (see Beardsley v Hotchkiss, 96 NY 201, 211; Robb v Robb, 205 AD3d 493). The causes of action the plaintiff seeks to revive against the school defendants are based upon their failure to protect the plaintiff from the alleged acts of sexual assault committed by Doe. It is not a defense to such causes of action that the person who committed the sexual assault could not themselves be subject to civil or criminal liability for the conduct (see e.g. CPLR 3211[a]; Brandy B. v Eden Cent. School Dist., 15 NY3d 297; Charles D.J. v City of Buffalo, 185 AD3d 1488; Victoria H. v Board of Educ. of City of N.Y., 129 AD3d 912; David XX. v Saint Catherine's Ctr. for Children, 267 AD2d 813; Camacho v East Ramapo Cent. School Dist., 262 AD2d 263; Shante D. v City of New York, 190 AD2d 356, affd 83 NY2d 948).
Further, the revival of claims and causes of action against a school district based on conduct suffered as a result of acts of sexual assault committed against a minor student by a fellow minor student furthers the spirit and purpose of the CVA. In a manner consistent with the statutory text, the court, "in appropriate circumstances, . . . may 'inquire into the . . . purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history'" (Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280, quoting Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372). "We must also consider 'the spirit and purpose of the act and the objects to be accomplished'" (People v Thomas, 33 NY3d 1, 6, quoting People v Silburn, 31 NY3d 144, 155).
This Court has described the legislative purpose behind the enactment of the CVA as being "to remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 186). Although the legislative history contains no express pronouncements regarding acts of sexual assault committed by infants or persons who could not otherwise be held criminally responsible for such conduct, the legislative history focuses on the harm to victims caused by childhood sexual abuse. The Senate Introducer's Memorandum in Support, for example, explains that "[t]his legislation would open the doors of justice to the thousands of survivors of child sexual abuse in New York State by prospectively extending the statute of limitations . . . for bringing civil actions for physical, psychological or other injury suffered as a result of child sexual abuse against any party whose intentional or negligent acts or omissions are alleged to have resulted in the abuse" (Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7). In expressing its support for the CVA, the New York State Coalition Against Domestic Violence stated that the CVA "will allow victims a longer period of time to file suits against institutions that hid abuse or were negligent in their response" (NY St Coalition Against Domestic Violence Mem of Support, Bill Jacket, L 2019, ch 11 at 15). In addition, the New York Society for the Prevention of Cruelty to Children expressed its support for the CVA "so that all victims of child sexual abuse can seek justice in a court of law against any offender, individual or institutional, private or governmental, whose acts or omissions have harmed children" (NY Society for the Prevention of Cruelty to Children Mem in Support, Bill Jacket, L 2019, ch 11 at 17). None of the legislative history suggests that the Legislature intended to limit revival pursuant to CPLR 214-g to only those claims and causes of action that are based on conditions suffered as a result of conduct for which the abuser could have been subject to criminal liability.
Accordingly, the Supreme Court properly denied those branches of the school defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and third causes of action.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court