Haddad v Muir (2023 NY Slip Op 01780)

Haddad v Muir

2023 NY Slip Op 01780

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-13444
 (Index No. 506528/19)

[*1]Esther Haddad, etc., appellant, 
v
Owen Muir, etc., et al., respondents, et al., defendants.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin Mitev of counsel), for appellant.
Bartlett LLP, Garden City, NY (Robert Devine of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated October 21, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Owen Muir, Carlene MacMillan, and Brooklyn Minds Psychiatry, P.C., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Owen Muir, Carlene MacMillan, and Brooklyn Minds Psychiatry, P.C., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is denied, and the matter is remitted to the Supreme Court, Kings County, to determine that branch of the motion of the defendants Owen Muir, Carlene MacMillan, and Brooklyn Minds Psychiatry, P.C., which was to dismiss the complaint based on the plaintiff's lack of capacity to commence the action.
The plaintiff commenced this action on March 25, 2019, by the filing of a summons with notice identifying the nature of the action as one to recover damages for medical malpractice. In the complaint, dated August 16, 2019, the plaintiff, as the administrator of the estate of the decedent, who committed suicide on September 26, 2016, asserted causes of action to recover damages for medical malpractice and negligence against, among others, the decedent's treating psychiatrists, Owen Muir and Carlene MacMillan, who were employed by the defendant Brooklyn Minds Psychiatry, P.C. (hereinafter BMP).
Muir, MacMillan, and BMP (hereinafter collectively the defendants) moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(5) as time-barred, and on the ground that the plaintiff lacked the capacity to commence the action. While that motion was pending the plaintiff amended the complaint as of right (see CPLR 3025[a]; 3211[f]; Union State Bank v Weiss, 65 AD3d 584, 585; STS Mgt. Dev. v New York State Dept. of Taxation & Fin., 254 AD2d 409, 410). In the order on appeal, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, determining that the allegations of both the original complaint [*2]and the amended complaint sounded in wrongful death, and were barred by the two-year statute of limitations (see EPTL 5-4.1[1]).
"In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 617). "A personal injury action is for conscious pain and suffering of the decedent prior to his [or her] death. This contrasts with a wrongful death action for pecuniary injuries resulting from decedent's death and certain expenses. The recovery for conscious pain and suffering accrues to the decedent's estate, whereas the damages for wrongful death are for the benefit of the decedent's distributees who have suffered pecuniary injury (Ratka v St. Francis Hosp., 44 NY2d 604, 609 [internal quotation marks omitted]; see EPTL §§ 5-4.1, 5-4.3, 5-4.4, 11-3.3). Here, the amended complaint seeks to recover damages for the pain and suffering of the decedent prior to her death. The allegations of the complaint also relate to the duty owed to the decedent as a result of the physician-patient relationship, and challenge the defendants' performance of functions that are an integral part of the decedent's psychiatric treatment by them, such that the cause of action sounds in medical malpractice (see Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1340; Caso v St. Francis Hosp., 34 AD3d 714, 715).
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired (see Weinstein v Gewirtz, 208 AD3d 717, 718; Wright v Southampton Hosp., 187 AD3d 1242, 1244; Schrull v Weis, 166 AD3d 829, 831). Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable (see Weinstein v Gewirtz, 208 AD3d 717; Schrull v Weis, 166 AD3d at 831). "A medical malpractice action 'must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure'" (Wright v Southampton Hosp., 187 AD3d at 1244, quoting CPLR 214-a). Here, the defendants, whose arguments were premised on their contention that the complaint only asserted a wrongful death cause of action, failed to meet their initial burden of demonstrating, prima facie, that the time within which to commence the cause of action alleging medical malpractice as set forth in the amended complaint has expired. Accordingly, the Supreme Court should have denied the branch of their motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
Since the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, it did not determine the remaining branch of the motion, which was to dismiss the complaint insofar as asserted against them based on the plaintiff's alleged lack of capacity to commence the action. In light of our determination, we remit the matter to the Supreme Court, Kings County, for a determination on that undecided branch of the motion.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court