Schearer v Fitzgerald (2023 NY Slip Op 03490)

Schearer v Fitzgerald

2023 NY Slip Op 03490

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-07975
2021-07976
 (Index No. 514920/20)

[*1]Elizabeth Schearer, respondent,
v
Albion Fitzgerald, appellant.

Clayman Rosenberg Kirshner & Linder LLP, New York, NY (Wayne E. Gosnell, Jr., Charles E. Clayman, and Eliel Talo of counsel), for appellant.
Merson Law, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from two orders of the Supreme Court, Kings County (George J. Silver, J.), both dated October 1, 2021. The orders denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff commenced this action pursuant to the Child Victims Act (hereinafter the CVA) (see CPLR 214-g) to recover damages resulting from alleged acts of sexual abuse inflicted upon her by the defendant beginning in 1961, when the plaintiff was 4 years old and the defendant was 14 years old. Prior to answering, the defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint on the grounds that the defense of infancy provided by Penal Law § 30.00(1) bars revival of the plaintiff's causes of action under the CVA, the CVA violates the Due Process Clause of the New York and United States Constitutions, and the action is otherwise barred by the doctrine of laches. In two orders, both dated October 1, 2021, the Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.
In reviewing a pre-answer motion to dismiss pursuant to CPLR 3211(a), "the court [must] 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish [its] allegations is not part of the calculus" (Davila v Orange County, 215 AD3d 632, 633 [internal quotation marks omitted]; see Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759). Moreover, on a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant "bears the initial burden of [establishing], prima facie, that the time in which to sue has expired" (Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778 [internal quotation marks omitted]; see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029).
"CPLR 214-g, enacted as part of the CVA, provides a revival window for civil claims [*2]or causes of action alleging intentional or negligent acts or omissions that seek to recover damages for injuries suffered as a result of[, inter alia,] 'conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than eighteen years of age'" (Anonymous v Castagnola, 210 AD3d 940, 941, quoting CPLR 214-g; see S.H. v Diocese of Brooklyn, 205 AD3d 180, 184). CPLR 214-g further delineates certain affirmative defenses that shall apply in any claim or action commenced pursuant to the statute, "in addition to any other defense and affirmative defense that may be available in accordance with law" (see Anonymous v Castagnola, 210 AD3d at 942). Penal Law § 30.00(1) provides that, subject to certain exceptions not at issue, "a person less than eighteen years old is not criminally responsible for conduct."
Here, the Supreme Court properly denied dismissal of the amended complaint on the ground that the defense of infancy provided by Penal Law § 30.00(1) bars revival of the plaintiff's causes of action. As this Court recently determined, "conduct which would constitute a sexual offense as defined in [Penal Law article 130] as used in CPLR 214-g . . . is not limited to those situations in which the conduct would subject the actor to criminal liability" (Anonymous v Castagnola, 210 AD3d at 942 [internal quotation marks omitted]). "To read [CPLR 214-g] as limited to only that conduct for which the actor could be subject to criminal liability, we would have to interpret the language 'constitute a sexual offense' to mean 'establish a violation,' which would require the Court to 'legislat[e] under the guise of interpretation'" (id. at 943, quoting People v Gross, 169 AD3d 159, 176 [internal quotation marks omitted]). Thus, the availability of the defense of infancy provided for by Penal Law § 30.00(1) in a claim or action commenced pursuant to CPLR 214-g does not apply to bar the revival of civil claims and causes of action which otherwise meet the claim-revival requirements provided by CPLR 214-g.
The Supreme Court also properly denied dismissal of the amended complaint on the ground that the CVA violates the Due Process Clause of the New York and United States Constitutions, and therefore cannot serve to revive the plaintiff's causes of action. "The Due Process Clause of the Fourteenth Amendment to the United States Constitution and the similar provision contained in [the New York] State Constitution prohibit the government from depriving a person of 'life, liberty or property without due process of law'" (Matter of Lee TT. v Dowling, 87 NY2d 699, 707, quoting US Const 14th Amend and NY Const, art I, § 6). "[A] claim-revival statute will satisfy the Due Process Clause of the [New York] State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Moreover, "[state] [c]laim-revival statutes generally pose no issue under the Fourteenth Amendment to the United States Constitution" to the extent that "'lapse of time has not invested a party with title to real or personal property'" (id. at 394, quoting Chase Securities Corp. v Donaldson, 325 US 304, 311). Here, the revival of civil claims and causes of action pursuant to the CVA "was a reasonable response to remedy the injustice to [child sexual assault survivors] caused by application of the relevant statute of limitations" (PB-36 Doe v Niagara Falls City Sch. Dist., 213 AD3d 82, 85; see Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d at 400; PC-41 Doe v Poly Prep Country Day Sch., 590 F Supp 3d 551, 564 [ED NY]). Moreover, contrary to the defendant's contention, the potential damage to his reputation caused by the revival of civil claims and causes of action pursuant to the CVA is not, standing alone, a constitutionally protected liberty interest (see Paul v Davis, 424 US 693, 710-711).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court