Forbes v Poly Prep Country Day Sch. (2023 NY Slip Op 05123)

Forbes v Poly Prep Country Day Sch.

2023 NY Slip Op 05123

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09813
 (Index No. 511956/20)

[*1]Christopher Forbes, respondent,
v
Poly Prep Country Day School, appellant, et al., defendants.

Seyfarth Shaw, LLP, New York, NY (Karen Y. Bitar, Matthew Catalano, and David J. Winkler of counsel), for appellant.
Abend & Silber, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Poly Prep Country Day School appeals from an order of the Supreme Court, Kings County (Laurence L. Love, J.), dated October 19, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2020, the plaintiff commenced this action pursuant to the Child Victims Act (hereinafter the CVA) against, among others, the defendant Poly Prep Country Day School (hereinafter Poly Prep), alleging that from approximately 1969 to 1971, while he was a student at Poly Prep, he was sexually abused by a football coach employed by Poly Prep. The complaint asserted causes of action sounding in, inter alia, negligence, including negligent supervision of the plaintiff, and negligent hiring, retention, and supervision of the football coach. Poly Prep moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against it. In an order dated October 19, 2022, the Supreme Court, among other things, denied those branches of Poly Prep's motion which were to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it. Poly Prep appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642; see Schearer v Fitzgerald, 217 AD3d 980, 981). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 633).
The Supreme Court properly denied those branches of Poly Prep's motion which were to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it on the ground that the CVA violates the Due Process Clause of the New York State Constitution. CPLR 214-g, enacted as part of the CVA, provides a revival window for [*2]"civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to Poly Prep's contention, the revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations (see Matarazzo v CHARLEE Family Care, Inc., 218 AD3d 941, 944; Schearer v Fitzgerald, 217 AD3d at 983; PB-36 Doe v Niagara Falls City Sch. Dist., 213 AD3d 82, 85).
The Supreme Court also properly denied that branch of Poly Prep's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent hiring insofar as asserted against it. "Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity" (Davila v Orange County, 215 AD3d at 635 [internal quotation marks omitted]; see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967). Accepting the allegations in the complaint as true and according the plaintiff every possible favorable inference, the complaint sufficiently pleads a cause of action to recover damages for negligent hiring of the football coach (see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d at 967; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court