Feaster v Poly Prep Country Day Sch. (2024 NY Slip Op 02301)

Feaster v Poly Prep Country Day Sch.

2024 NY Slip Op 02301

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-01013
 (Index No. 520768/21)

[*1]Robert Feaster, respondent, 
v
Poly Prep Country Day School, appellant, et al., defendants.

Seyfarth Shaw LLP, New York, NY (Matthew C. Catalano, Karen Y. Bitar, and Gershon Akerman of counsel), for appellant.
Abend & Silber, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Poly Prep Country Day School appeals from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated December 8, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action under the Child Victims Act (hereinafter the CVA) (see CPLR 214-g) against the defendant Poly Prep Country Day School (hereinafter Poly Prep), among others, alleging that Poly Prep was liable under different theories of negligence for sexual abuse perpetrated by the coach of its football team. Poly Prep moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against it. In an order dated December 8, 2022, the Supreme Court, inter alia, denied those branches of Poly Prep's motion which were to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it. Poly Prep appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642; see Schearer v Fitzgerald, 217 AD3d 980, 981). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 633). "Whether a plaintiff can ultimately establish [its] allegations is not part of the calculus" (Davila v Orange County, 215 AD3d at 633 [internal quotation marks omitted]).
The Supreme Court properly denied those branches of Poly Prep's motion which were [*2]to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it on the ground that the CVA violates the Due Process Clause of the New York State Constitution. CPLR 214-g, enacted as part of the CVA, provides a revival window for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to Poly Prep's contention, the revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations (see Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 752; Schearer v Fitzgerald, 217 AD3d at 983; PB-36 Doe v Niagara Falls City Sch. Dist., 213 AD3d 82, 85).
The Supreme Court also properly denied that branch of Poly Prep's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent hiring insofar as asserted against it. "To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Davila v Orange County, 215 AD3d at 633-634 [internal quotation marks omitted]). "Similarly, to establish a cause of action based on negligent hiring, negligent retention, or negligent supervision of an employee, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [alterations and internal quotation marks omitted]). "Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity" (Davila v Orange County, 215 AD3d at 635 [internal quotation marks omitted]; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596; cf. CPLR 3016). Accepting the allegations in the complaint as true and according the plaintiff every possible favorable inference, the complaint sufficiently pleads a cause of action to recover damages for negligent hiring of the football coach (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938-939; Forbes v Poly Prep Country Day Sch., 220 AD3d at 752; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court