Profeta v Caulo (2024 NY Slip Op 02715)

Profeta v Caulo

2024 NY Slip Op 02715

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-06627
 (Index No. 508853/21)

[*1]Patricia A. Profeta, plaintiff, 
v
Mark A. Caulo, appellant, et al., defendant.

Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Mark A. Caulo appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated June 7, 2023. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint insofar as asserted against the defendant Mark A. Caulo as was based on conduct that occurred between 1971 and 1976.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2021, the plaintiff commenced this action to recover damages resulting from alleged acts of sexual assault committed against her by the defendant Mark A. Caulo beginning in 1971, when the plaintiff was between 11 and 12 years old. The defendants moved pursuant CPLR 3211(a) to dismiss the complaint. By order dated June 7, 2023, the Supreme Court, inter alia, in effect, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint insofar as asserted against the defendant Mark A. Caulo (hereinafter the defendant) as was based on conduct that occurred between 1971 and 1976. The defendant appeals.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Schearer v Fitzgerald, 217 AD3d 980, 981).
CPLR 214-g, enacted as part of the Child Victims Act (hereinafter CVA), "provides a revival window for civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover damages for injuries suffered as a result of [, inter alia,] 'conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than eighteen years of age'" (Anonymous v Castagnola, 210 AD3d 940, 941, quoting CPLR 214-g; see Schearer v Fitzgerald, 217 AD3d at 981; S.H. v Diocese of Brooklyn, 205 AD3d 180, 184).
Here, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint insofar as asserted against the defendant as was based on conduct that occurred between 1971 and 1976. The complaint alleged, among other things, that, on several occasions during this period, the defendant forcefully pushed the plaintiff against a wall, tried to kiss and grope the plaintiff, and rubbed her shoulders. Accepting the allegations in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the plaintiff pleaded sufficient allegations of a sexual offense as defined in Penal Law article 130 (see People v Sene, 66 AD3d 427, 428; People v Brown, 251 AD2d 694, 695), satisfying the criteria for the revival of her civil claims pursuant to CPLR 214-g (see Doe v Mesivtha, Inc., 224 AD3d 662, 664).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court