Spina v Browning Hotel Props., LLC (2024 NY Slip Op 04220)

Spina v Browning Hotel Props., LLC

2024 NY Slip Op 04220

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-01879
 (Index No. 604376/21)

[*1]Kaitlyn Spina, appellant, 
v
Browning Hotel Properties, LLC, etc., et al., respondents.

Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Garden City, NY (John F. McKay III, Barbara M. Maisto, and Justin C. Tan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligent hiring, negligent retention, and negligent supervision, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated March 9, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied, and the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted.
The plaintiff was staying at a hotel owned and operated by the defendants when she allegedly was sexually assaulted and injured by a maintenance worker who was employed by the hotel. The plaintiff commenced this action, asserting causes of action alleging negligent hiring, negligent retention, and negligent supervision. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order dated March 9, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
A party may amend his or her pleading "at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). Generally, "[l]eave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay 'unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Ruland v Leibowitz, 209 AD3d 1051, 1052, quoting Lucido v Mancuso, 49 AD3d 220, 222; see Kyung Hee Moon v Owadeyah, 223 AD3d 793, 795). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend her complaint, as the proposed amendments were not palpably insufficient or patently devoid of merit.
Similarly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. When considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "a court must 'accept the facts [*2]as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Davila v Orange County, 215 AD3d 632, 633, quoting Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"'[T]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868, quoting Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [internal quotation marks omitted]). Causes of action alleging negligent hiring, retention, or supervision "are not statutorily required to be pleaded with specificity" (Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596).
Contrary to the defendants' contention, accepting the allegations in the proposed amended complaint as true and according the plaintiff every possible favorable inference, the proposed amended complaint sufficiently pleads causes of action alleging negligent hiring, negligent retention, and negligent supervision (see Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 752).
Accordingly, we reverse the order, deny the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and grant the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court