Spira v National Council of Young Israel (2024 NY Slip Op 05123)

Spira v National Council of Young Israel

2024 NY Slip Op 05123

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-02905
 (Index No. 400021/20)

[*1]Daniel Spira, respondent, 
v
National Council of Young Israel, defendant, Young Israel of Hillcrest, appellant.

Seyfarth Shaw LLP, New York, NY (Matthew C. Catalano, Karen Y. Bitar, and Gershon Akerman of counsel), for appellant.
Hach Rose Schirripa & Cheverie, LLP, New York, NY (Hillary M. Nappi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Young Israel of Hillcrest appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered February 22, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the demand for punitive damages insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action under the Child Victims Act (hereinafter the CVA) (see CPLR 214-g) against the defendant Young Israel of Hillcrest (hereinafter YIH) and another defendant. The first cause of action alleged that the defendants were liable under different theories of negligence, including negligent hiring, retention, and supervision, for sexual abuse perpetrated against the plaintiff by a youth director employed by the defendants. The complaint included a demand for punitive damages against the defendants. YIH moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action and the demand for punitive damages insofar as asserted against it. In an order entered February 22, 2023, the Supreme Court, among other things, denied those branches of YIH's motion. YIH appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642; see Schearer v Fitzgerald, 217 AD3d 980, 981). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868).
The Supreme Court properly denied dismissal of the first cause of action insofar as asserted against YIH on the ground that the CVA violates the Due Process Clause of the New York [*2]Constitution. "CPLR 214-g, enacted as part of the CVA, provides a revival window for 'civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run'" (Feaster v Poly Prep Country Day Sch., 227 AD3d 668, 669, quoting S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 751). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to YIH's contention, the revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations (see Feaster v Poly Prep Country Day Sch., 227 AD3d at 669-670; Forbes v Poly Prep Country Day Sch., 220 AD3d at 752; Schearer v Fitzgerald, 217 AD3d at 982-983).
The Supreme Court also properly denied dismissal of the first cause of action insofar as asserted against YIH pursuant to CPLR 3211(a)(7). "[T]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision of an employee, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Feaster v Poly Prep Country Day Sch., 227 AD3d at 670 [internal quotation marks omitted]; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d at 868). "Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity" (Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; see Davila v Orange County, 215 AD3d 632, 635). Accepting the allegations in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently pleads a cause of action to recover damages for negligent hiring, retention, or supervision of the youth director (see Feaster v Poly Prep Country Day Sch., 227 AD3d at 670; Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 802).
The Supreme Court also properly denied dismissal of the demand for punitive damages insofar as asserted against YIH. "Punitive damages in actions involving negligent hiring, retention, or supervision generally require conduct evincing a high degree of moral culpability, so flagrant as to transcend simple carelessness, or which constitutes willful or wanton negligence or recklessness so as to evince a conscious disregard for the rights of others" (Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 102; see Moskowitz v Masliansky, 198 AD3d 637, 640). Contrary to YIH's contention, at this early stage in the litigation, it is premature to conclude that the allegations in the complaint were insufficient to support a claim that YIH acted so recklessly or wantonly in connection with the hiring, retention, and supervision of the youth director as to warrant an award of punitive damages against it (see Rubin v Poly Prep Country Day Sch., 227 AD3d 741, 742-743; Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 105; Gipe v DBT Xpress, LLC, 150 AD3d 1208, 1209).
Accordingly, the Supreme Court properly denied those branches of YIH's motion which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the demand for punitive damages insofar as asserted against it.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court