Giuffre v Oh (2024 NY Slip Op 05183)

Giuffre v Oh

2024 NY Slip Op 05183

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 150002/23 Appeal No. 2859 Case No. 2023-06793 

[*1]Virginia L. Giuffre, Plaintiff-Respondent,
v
Rina Oh Now Known as Rina Oh Amen, Defendant-Appellant.

Alexander M. Dudelson, Brooklyn, for appellant.
Thomas Counselors at Law, LLC, New York (Kathleen R. Thomas of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 3, 2023, which granted plaintiff's motion to dismiss defendant's counterclaims pursuant to CPLR 3211(a)(7), unanimously reversed, on the law, without costs, and the motion denied.
CPLR 214-j, known as the Adult Victims Act, applies solely in the civil context, and thus, the civil liability permitted thereunder is not coextensive with or dependent upon the corresponding criminal liability (see Doe v Wilhelmina Models, Inc., 229 AD3d 128, 140-142 [1st Dept 2024]). That plaintiff might fall under the protections of CPL 440.10(1)(i) and (6) (the START Act), which would entitle her to seek vacatur of any criminal conviction where her participation in the offense was a result of having been a victim of sex trafficking, does not bar revival of a civil claim against her pursuant to CPLR 214-j (see Schearer v Fitzgerald, 217 AD3d 980, 982 [2d Dept 2023]). Nor does the START Act otherwise insulate her from civil liability, even where the claims arise from intentional acts. Nothing in the language of the Act or its legislative history indicates that the legislature intended it to apply to civil actions. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024