AG1 DOE v Morris (2026 NY Slip Op 00968)

AG1 DOE v Morris

2026 NY Slip Op 00968

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 950549/20|Appeal No. 5876-5877|Case No. 2024-07221 2025-00275|

[*1]AG1 DOE, Plaintiff-Respondent,
vGeorge Morris, Defendant-Appellant, The United States Equestrian Federation, Inc., et al., Defendants. 

Kasowitz LLP, New York (David E. Ross of counsel). for appellant.
Greenberg Gross LLP, New York (Sagar Shah of counsel), for respondent.

Amended order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about December 11, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendant George Morris to dismiss the sexual battery and negligence causes of action against him pursuant to CPLR 3211(a)(5) and (7), unanimously modified, on the law, to dismiss the negligence cause of action as against him, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 1, 2024, unanimously dismissed, without costs, as abandoned.
Contrary to Morris's argument, the revival provision of the Child Victims Act (CVA) (see CPLR 214-g) does not violate the due process and equal protection clauses of the New York State and United States Constitutions. "[T]he revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations," and thus satisfied the constitutional requirements of due process (Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 752 [2d Dept 2023]). Nor is CPLR 214-g unconstitutional as applied to Morris in this action, as there is nothing "unusual" about the factual allegations to warrant such determination (see Matarazzo v CHARLEE Family Care, Inc., 218 AD3d 941, 944 [3d Dept 2023]).
To the extent Morris argues that CPLR 214-g violates his constitutional right to the equal protection of the law by subjecting him to potential liability for conduct alleged to have occurred more than 40 years ago, after the statute of limitations expired, the Legislature specifically considered these concerns as it relates to all parties (see id.). "Indeed, the extensive legislative history of the CVA—which includes support from victims who raise claims that temporally eclipse those alleged here—provides that a justification for passing the CVA was that the current law required a victim to file a civil action 'long before most survivors report or come to terms with their abuse, which has been estimated to be as high as 52 years old on average'" (id. [internal citations omitted]).
Thus, Supreme Court properly denied Morris' motion to dismiss the sexual battery claim against him. However, because the negligence cause of action is premised on the same alleged conduct underlying the sexual battery cause of action, it must be dismissed insofar as against Morris as there is no such thing as "negligent assault" (see Trott v Merit Dept. Store, 106 AD2d 158, 159-160 [1st Dept 1985]), and therefore the negligence cause of action was not adequately pleaded (cf. Brown v Riverside Church in the City of N.Y., 231 AD3d 104, 111 [1st Dept 2024]).
We have considered Morris' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026