Bethea v Children's Vil. (2024 NY Slip Op 01166)

Bethea v Children's Vil.

2024 NY Slip Op 01166

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-04877
 (Index No. 66348/21)

[*1]Rahmel Bethea, appellant, 
v
Children's Village, respondent, et al., defendant.

Michael F. Rubin Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Joseph Dimitrov of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated April 4, 2023. The order granted the motion of the defendant Children's Village pursuant to CPLR 3211(a)(2) and (5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Children's Village pursuant to CPLR 3211(a)(2) and (5) to dismiss the complaint insofar as asserted against it is denied.
On November 12, 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA) against Children's Village (hereinafter the Village) and Jermaine Branch, alleging, inter alia, that the plaintiff was sexually abused by Branch, an employee of the Village. Thereafter, the Village moved pursuant to CPLR 3211(a)(2) and (5) to dismiss the complaint insofar as asserted against it, arguing that the Supreme Court lacked subject matter jurisdiction because the plaintiff commenced this action after the expiration of the CVA revival window. In an order dated April 4, 2023, the court granted the Village's motion. The plaintiff appeals.
CPLR 214-g, enacted as part of the CVA, provides a revival window for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). In 2019, the CVA became effective and originally permitted actions to be commenced between August 14, 2019, and August 14, 2020 (see CPLR 214-g; S.H. v Diocese of Brooklyn, 205 AD3d at 184-185; Matter of M.C. v State of New York, 74 Misc 3d 682, 698 [Ct Cl]). On August 3, 2020, the CVA was amended so as to extend the revival window for one additional year, until August 14, 2021 (see CPLR 214-g; Matter of M.C. v State of New York, 74 Misc 3d at 698; Bill Jacket, L 2020, ch 130 at 1). After the date of this amendment, however, former Governor Andrew Cuomo, following prior executive orders issued amidst the COVID-19 pandemic, continued to issue executive orders that ultimately tolled statutes of limitations through November 3, 2020 (see [*2]Executive Order [A. Cuomo] Nos. 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]; Doe v Archdiocese of N.Y., 221 AD3d 451, 452; Brash v Richards, 195 AD3d 582; Matter of M.C. v State of New York, 74 Misc 3d at 698-699).
Contrary to the Village's contentions, the executive orders issued subsequent to the CVA's amendment tolled the close of the CVA's revival window for 90 days, from August 14, 2021, until at least November 12, 2021 (see Doe v Archdiocese of N.Y., 221 AD3d at 452; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721-722; Matter of M.C. v State of New York, 74 Misc 3d at 698-699). As the instant action was commenced on November 12, 2021, it was timely commenced (see Doe v Archdiocese of N.Y., 221 AD3d at 452; McLaughlin v Snowlift, Inc., 214 AD3d at 721-722; Matter of M.C. v State of New York, 74 Misc 3d at 682).
Accordingly, the Supreme Court should have denied the Village's motion pursuant to CPLR 3211(a)(2) and (5) to dismiss the complaint insofar as asserted against it (see McLaughlin v Snowlift, Inc., 214 AD3d at 721-722).
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court