Smith v Pro Camps, Ltd. (2024 NY Slip Op 02074)

Smith v Pro Camps, Ltd.

2024 NY Slip Op 02074

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-05131
 (Index No. 528018/19)

[*1]Phillip Lyle Smith, respondent, 
v
Pro Camps, Ltd., etc., et al., appellants, et al., defendant.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Dean L. Pillarella and Daniel J. Fox of counsel), for appellants.
Lewis Baach Kaufman Middlemiss PLLC, New York, NY (Arthur D. Middlemiss of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the defendants Pro Camps, Ltd., Joseph W. Namath, and John Dockery appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 22, 2023. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2019, the plaintiff commenced this action pursuant to the revival statute enacted as part of the Child Victims Act (see CPLR 214-g; hereinafter the CVA). The plaintiff alleges that, when he was a resident of New York, he was the victim of childhood sexual abuse committed against him by Philip Foglietta, a football coach, while attending summer football camp in Vermont in 1972 and in Massachusetts in 1973 and 1975. The plaintiff alleges that the defendants Joseph W. Namath and John Dockery, former professional football players, owned the defendant Pro Camps, Ltd. (hereinafter Pro Camps), which was headquartered in New York, and operated the camp and hired Foglietta, a resident of New York, as a coach. The plaintiff alleges, among other things, that Pro Camps negligently hired and retained Foglietta and that the failure of Pro Camps, Namath, and Dockery (hereinafter collectively the appellants) to properly supervise Foglietta and to protect the plaintiff resulted in Foglietta sexually abusing him while at the camp. The amended complaint asserts causes of action against the appellants, and another defendant, alleging, inter alia, negligent hiring, retention, and supervision, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.
The appellants moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion. In an order dated May 22, 2023, the Supreme Court, inter alia, denied the appellants' motion. This appeal ensued.
The appellants and the plaintiff agree that, because the plaintiff alleges that he was a resident of New York at the time of the alleged underlying abuse and the appellants' alleged negligence and other tortious conduct, New York's statutes of limitations govern, and this Court need not look to the statutes of limitations of other states to resolve whether this action is time-barred [*2](see id. § 202; Antone v Gen. Motors Corp., Buick Motor Div., 64 NY2d 20, 25-26; Doe v Wilhelmina Models, Inc., ____ AD3d ____, 2024 NY Slip Op 00969 [1st Dept 2024]; Shapiro v Syracuse Univ., 208 AD3d 958, 962; cf. S.H. v Diocese of Brooklyn, 205 AD3d 180, 190-195). The appellants and the plaintiff further agree that, unless the plaintiff's causes of action are revived by CPLR 214-g, they are now time-barred (see id. former § 213-c).
The central issue in this appeal is whether CPLR 214-g, a portion of the CVA, revives otherwise time-barred civil claims or causes of action brought by a survivor of sexual abuse who was a resident of New York at the time those claims or causes of action accrued, where both the underlying abuse and the alleged tortious conduct are alleged to have occurred outside New York. In a similar but distinguishable case, this Court held that CPLR 214-g did not apply to revive negligence causes of action brought by a nonresident arising from abuse perpetrated by a nonresident outside New York (see S.H. v Diocese of Brooklyn, 205 AD3d 180). For the reasons that follow, we agree with the Appellate Division, First and Third Departments, that a plaintiff's residence in New York at the time his or her claims or causes of action accrued is sufficient to bring those claims or causes of action within the purview of CPLR 214-g, even where, as here, the wrongful conduct underlying the New York resident's causes of action occurred out-of-state (see Doe v Wilhelmina Models, Inc., ____ AD3d ____, 2024 NY Slip Op 00969; ARK265 Doe v Archdiocese of New York, 221 AD3d 422, 422-423; Samuel W. v United Synagogue of Conservative Judaism, 219 AD3d 421, 421-422; Shapiro v Syracuse Univ., 208 AD3d at 962).
"'The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the [l]egislature' and, although the strongest indication of the statute's meaning is in its plain language, 'the legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear'" (People v Badji, 36 NY3d 393, 399, quoting Riley v County of Broome, 95 NY2d 455, 463). Here, both the plain language of CPLR 214-g and its legislative history support a conclusion that the statute applies to revive the plaintiff's time-barred causes of action.
CPLR 214-g originally opened a one-year window, later extended to two years (see L 2020, ch 130), reviving "'civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run'" (Bethea v Children's Vil., ____ AD3d ____ , 2024 NY Slip Op 01166 [2d Dept 2024], quoting S.H. v Diocese of Brooklyn, 205 AD3d at 184; see CPLR 214-g). As the appellants correctly contend, the CVA is silent as to its extraterritorial application (see CPLR 214-g; S.H. v Diocese of Brooklyn, 205 AD3d at 187). "'[A] statute is presumed to apply only within the [s]tate'" (S.H. v Diocese of Brooklyn, 205 AD3d at 188, quoting Manfredonia v American Airlines, 68 AD2d 131, 137), "'unless expressly stated otherwise'" (S.H. v Diocese of Brooklyn, 205 AD3d at 187, quoting Goshen v Mutual Life Ins. Co. of N.Y., 286 AD2d 229, 230, affd 98 NY2d 314). Moreover, "CPLR 214-g is a revival statute, and as such must be narrowly construed" (S.H. v Diocese of Brooklyn, 205 AD3d at 189; see Besser v Squibb & Sons, 146 AD2d 107, 115, affd 75 NY2d 847).
Contrary to the appellants' contention, however, the application of CPLR 214-g to a New York resident's claims or causes of action is not an extraterritorial application. Citing to cases addressing the territorial reach of the Consumer Protection Act (see General Business Law § 349) and the Dram Shop Act (General Obligations Law § 11-101), the appellants contend that the issue of extraterritoriality is determined by whether the alleged underlying wrongful conduct occurred inside or outside the state (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 324; Rutledge v Rockwells of Bedford, 200 AD2d 36, 40; Manfredonia v American Airlines, 68 AD2d at 137). The appellants' focus on the location of the alleged wrongdoing is misplaced in this context, because the subject of CPLR 214-g is not the wrongful conduct itself, but rather the statute of limitations or notice of claim requirements that barred some New Yorkers from recovering damages for the underlying wrongdoing. CPLR 214-g did not criminalize or penalize behavior that was previously lawful, nor did it create a new private right of action. Rather, the statute revived prior claims or causes of action that already existed but were barred either because of the expiration of the applicable statute of limitations or the plaintiff's failure to file a timely notice of claim (see id. § 214-g).
Moreover, "the legislative history of the CVA evinces a clear intent to benefit New York survivors of sexual abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 188). CPLR 214-g was enacted specifically "for the benefit of New York residents" (S.H. v Diocese of Brooklyn, 205 AD3d at 187) to "'open the doors of justice to the thousands of survivors of child sexual abuse in New York State'" (id. at 186, quoting Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7). Here, unlike in S.H. v Diocese of Brooklyn, the plaintiff was a New York resident at the time of the alleged abuse, and thus falls squarely within the class of people whom the CVA was intended to benefit.
Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred.
The parties' remaining contentions have been rendered academic in light of our determination.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court