Pesola v St. Mary's High Sch. (2024 NY Slip Op 02336)

Pesola v St. Mary's High Sch.

2024 NY Slip Op 02336

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-04089
 (Index No. 403558/22)

[*1]Steven Pesola, respondent, 
v
St. Mary's High School, et al., defendants, Marist Brothers of the Schools, appellant.

Biedermann Hoenig Semprevivo, a Professional Corporation, New York, NY (Sara E. Thompson of counsel), for appellant.
Silver & Kelmachter, LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the defendant Marist Brothers of the Schools appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered March 13, 2023. The order, insofar as appealed from, denied that branch of the motion of the defendant Marist Brothers of the Schools which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA), alleging that, when he was a resident of New York, he was the victim of sexual abuse committed against him in 1986 by the defendant Brother Bernard, a resident of New York, when the plaintiff attended summer camp at the defendant Camp Marist located in New Hampshire. The plaintiff alleged that the defendant Marist Brothers of the Schools (hereinafter Marist Brothers), which was incorporated and headquartered in New York, owned the camp and employed Brother Bernard during the relevant time period. The complaint, among other things, asserted causes of action against Marist Brothers sounding in, inter alia, negligent care and supervision of the plaintiff and negligent hiring, training, retention, and supervision of Brother Bernard.
Marist Brothers moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, contending that the CVA did not revive the plaintiff's causes of action because the underlying allegations of sexual abuse occurred outside of New York. The plaintiff opposed the motion. By order entered March 13, 2023, the Supreme Court, inter alia, denied that branch of the motion of Marist Brothers which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. Marist Brothers appeals. We affirm.
"'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima [*2]facie, that the time within which to commence the cause of action has expired'" (Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 751, quoting Haddad v Muir, 215 AD3d 641, 642).
"CPLR 214-g, enacted as part of the CVA, provides a revival window for 'civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run'" (Bethea v Children's Vil., _____ AD3d _____, _____, 2024 NY Slip Op 01166, *1 [2d Dept], quoting S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[T]he legislative history of the CVA evinces a clear intent to benefit New York survivors of sexual abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 188), and "the bill was enacted with New York State victims in mind" (id. at 186). "[A] plaintiff's residence in New York at the time his or her claims or causes of action accrued is sufficient to bring those claims or causes of action within the purview of CPLR 214-g, even where, as here, the wrongful conduct underlying the New York resident's causes of action occurred out-of-state" (Smith v Pro Camps, Ltd., _____ AD3d _____, 2024 NY Slip Op 02074 [2d Dept]; see ARK265 Doe v Archdiocese of N.Y., 221 AD3d 422, 422; Samuel W. v United Synagogue of Conservative Judaism, 219 AD3d 421, 422).
Here, the plaintiff alleged that he was a New York resident at the time the causes of action asserted against Marist Brothers accrued, and Marist Brothers submitted no evidence to the contrary. Therefore, Marist Brothers failed to demonstrate that CPLR 214-g does not revive the plaintiff's causes of action asserted against it. Contrary to Marist Brothers' contention, CPLR 214-g applies here even though the alleged sexual abuse occurred outside New York (see Smith v Pro Camps, Ltd., _____ AD3d _____, 2024 NY Slip Op 02074 [2d Dept]).
Accordingly, the Supreme Court correctly denied that branch of the motion of Marist Brothers which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court